UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

In re: )
)
Ronald Roy Weathers )
)
)
) Case No.  14-12611R
Debtor(s). ) Chapter 13

## AMENDED CHAPTER 13 PLAN

LENGTH OF PLAN:    60    months.

PLAN PAYMENTS: Debtor(s) shall pay $1500 per month for months 1-5 and $1700 per month for months 6-60.  The Trustee shall deduct the Trustee's preset percentage fee from each payment.

COMMENCEMENT DATE: Plan payments shall commence on or before 30 days after the Chapter 13 Petition is filed.

**PRIORITY CLAIMS:** [to be paid in full without interest]

| CLAIMANT | DESCRIPTION | AMOUNT | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS | |
|---|---|---|---|---|
| *Ron Brown* | *Attorney Fees* | 1373 | $274.60/mo<br>0/mo | Months 1-5<br>Months 6-60 |
| *OTC* | *Taxes* | 1022.11 | 18.58/mo | Months 6-60 |
|  |  |  |  |  |

**REAL ESTATE MORTGAGE CLAIM(S) SECURED BY PRINCIPAL RESIDENCE OF DEBTOR(S):**

| CLAIMANT | DESCRIPTION | ALLOWED AMOUNT | INTEREST RATE | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|---|

| Bank of America | First Mortgage | Paid separately | | |
|---|---|---|---|---|
| Bank of America | Mortgage Arrears | $34,000 | 0% | 566.67/mo  Months 1-60 |
| Bank of the Lakes | Second Mortgage | $33,963 | Current rate | 348.17/mo   Months 1-60 *This is a long term debt as defined by 11 USC §1328(a)(1) and shall not be discharged upon completion of plan.* |

__x____*Debtors shall make all regular, ongoing post-petition mortgage payments directly to mortgage holder as they become due.  This is a long term debt as defined by 11 USC §1328(a)(1) and shall not be discharged upon completion of plan.*

Or

  x      The ongoing monthly mortgage payments being made through the Chapter 13 Trustee under the Plan may change from time to time during the term of the Plan as provided in the mortgage agreement.  Upon notice from the mortgage lender of a change in the monthly payment, which is filed in the case, the Trustee is authorized to increase or decrease the Chapter 13 plan payment to provide for each change without necessity of formal modification of the plan.  This authorization shall include submitting amended wage deduction order(s) for entry by the Court.  To be effective as to the Trustee, the notice of payment change must be filed in the case.  The Trustee shall not be required to make retroactive payment changes and shall have the election of not making changes of $10.00 or less per month.  Changes in the monthly mortgage payments shall be effectuated by the Trustee as soon as reasonably practicable after receipt of the notice of change.  Nothing in this Plan shall prohibit the Debtor from making direct payments to the mortgage lender to keep mortgage payments current until a change can be made by the Trustee, provided the Plan payments are current.  Since it is contemplated that changes in monthly mortgage payments will be made without affecting any other party in interest, no further notice of such changes shall be required.  Mortgage payments shall be made by the Chapter 13 Trustee in the ordinary course of Chapter 13 trusteeship business and no additional penalty or charges shall be assessed against the Debtor by reason thereof.

**REAL ESTATE MORTGAGE CLAIM(S) SECURED BY REAL PROPERTY OTHER THAN PRINCIPAL RESIDENCE OF DEBTOR(S):**

| CLAIMANT | DESCRIPTION | ALLOWED AMOUNT | INTEREST RATE | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|---|
|  |  |  |  |  |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   |   |   |   |

**SECURED CLAIMS ENTITLED TO ADEQUATE PROTECTION UNDER 11 U.S.C. § 1326(a)(1)(C):**

The following claimants are provided adequate protection in the form of a lien on each pre-confirmation plan payment to the Chapter 13 Trustee in the payment amount stated below for each claimant, subject to the provisions of Local Rule 3070-2.

| CLAIMANT | FILED OR SCHEDULED CLAIM | COLLATERAL | ALLOWED SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|---|---|
| Bank of Lakes | 6000 | 2007 Mazda | 6000 | 6% | 116/mo  Months 1-60 |
|  |  |  |  |  |  |

**OTHER SECURED CLAIMS:**

| CLAIMANT | FILED OR SCHEDULED CLAIM | COLLATERAL | ALLOWED SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|---|---|
| Oklahoma Tax Commission | 25,287.57 | Tax Lien | 25,287.57 | 3% | 498.87/mo  Months 6-60 |
| Oklahoma Tax Commission | 2,094.74 | Tax Lien | 2,094.74 | 3% | 41.32/mo  Months 6-60 |

**SPECIAL UNSECURED CLASS(ES):**

| CLAIMANT | DESCRIPTION | ALLOWED AMOUNT | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|
|  |  |  |  |

_____

**PROPERTY TO BE SURRENDERED:**

The following property is surrendered to the creditor secured by the property.  Upon confirmation of this Plan, the surrendered property shall be deemed abandoned from the estate and relief from stay is granted with respect

3

to the property to allow the creditor to pursue its rights against the property.  If the creditor has timely filed a secured claim, the creditor shall have ninety (90) days from the date of confirmation of this Plan to establish any deficiency it may have and amend its proof of claim to state the deficiency.  Otherwise the creditor shall not be allowed an unsecured deficiency claim in this case.

| | | |
|---|---|---|
| | | |

| CREDITOR | PROPERTY SURRENDERED | AMOUNT OF SECURED CLAIM |
|---|---|---|
| | | |

**LIEN AVOIDANCE(S):**   The Debtor(s) shall file a separate Motion or Motions to avoid the liens or security interests of the following claimants pursuant to 11 U.S.C. § 522(f) and the claim(s) of such claimant(s) shall be relegated to and treated as general unsecured claims.

| |
|---|
| |

_____

**UNSECURED CLAIMS:**   All claims not specifically provided for above and those relegated to unsecured status above shall be paid as general unsecured claims, without priority, on a *pro rata* basis.

Unsecured Claims per Schedule F:        $ 0

Claims Relegated to Unsecured Status:    $

Total Projected Unsecured Claims:        $ 0

Approximate Percentage Payback to
Holders of Unsecured Claims:             100 %

NOTE:  The actual payback to unsecured claims may be more or less depending on claims actually filed and allowed.

**OTHER PROVISIONS:**

4

1. All property of the estate under 11 U.S.C. §§ 541 and 1306 at the time of confirmation, and all property thereafter acquired and included in the estate under 11 U.S.C. § 1306, shall remain property of the estate until removed from the estate by operation of law or separate order. All stays in effect at the time of confirmation shall remain in force and effect until terminated or modified under applicable law, or by order of the Court.

2. All claims shall be paid as set forth above unless a creditor objects prior to the confirmation hearing and files a claim within ninety (90) days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. § 341(a). Except as provided in Fed. R. Bankr. P. 3002(c)(1), governmental units must file claims within 180 days after the order for relief. If a priority or secured claim, including a mortgage arrearage claim, is filed for less than the amount provided for in this Plan, the Trustee is authorized to pay the lesser amount.

3. **FILING OF A CLAIM IS REQUIRED FOR PAYMENT.** If a creditor does not timely file a proof of claim within the time periods stated in the preceding paragraph and no claim is filed under Fed. R. Bankr. P. 3004, that creditor shall receive NO distribution from the Trustee under this Plan. In such case, the Trustee is authorized to disburse funds that creditor would have received to other creditors entitled to payment under this Plan.

4. A. Secured creditors, except those holding long-term debts under 11 U.S.C. § 1322(b)(5), shall retain their liens as provided in 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors holding long-term debts shall retain their liens until paid in full under the applicable loan documents notwithstanding the entry of a discharge under 11 U.S.C. § 1328.

   B. The allowed secured claim of each secured creditor shall be the value of the collateral stated in the Allowed Secured Claim column, or the amount of the filed claim, whichever is less, with the balance (if any) of the claim actually filed being allowed as an unsecured claim.

5. If a secured creditor provided for under this Plan obtains relief from the automatic stay, the Trustee is authorized to cease all disbursements to that creditor and to disburse funds that the creditor would have received to other creditors entitled to payment under this Plan, unless the Court orders otherwise.

6. Confirmation of this Plan shall serve as a determination that the Debtor(s) have satisfactorily met the requirements of 11 U.S.C. § 521(a) and the case shall not thereafter be subject to dismissal under 11 U.S.C. § 521(i).

7. The above named Debtor(s) is/are enjoined from incurring any debts without prior approval of the Court, except such debts as may be necessary for emergency medical or hospital care.

8. The Debtor is to timely file all yearly tax returns during the pendency of the case, immediately provide the Trustee with complete and accurate copies of the returns upon filing, and submit to the Trustee any and all tax refunds received, less earned income tax credit, as payments in addition to the regular payments made under the Plan.

9. Because the debtor received a discharge in (converted) chapter 7 Case No 12-13109 Northern District of Oklahoma Bankruptcy Court on June 25, 2013, the debtor is not entitled to a discharge in this case.

Date:  2/17/2015

**Respectfully Submitted;**


___/s/ Ron D. Brown_____
Attorney: *Ron D. Brown OBA #16352*
Address: *320 S. Boston Ave. Suite 1130*
*Tulsa, OK 74103*
*(918) 585-9500 phone*
Attorney for Debtor(s)